State of Texas vs. LaQuint C. Sullivan

Cause # 2015CR2233   15-494-CR

In the 187th Judicial District Court

Supplemental Demand from Defendant to Attorney of Record to file And Sign Motions/Habeas Corpus Per Attorney Client Agreement

FILED
IN THE COURT OF APPEALS
AT SAN ANTONIO, TEXAS
2015 AUG 10 PM 12:48
KEITH E. HOTTLE, CLERK
Keith E. Hottle
BY My

I, LaQuint C. Sullivan, Defendant, request Attorney of record Jeffrey James Scott to file And Sign the following Motions/Habeas Corpus on Principal:

1) Motion for Speedy Trial
2) Motion for Production of Grand Jury Transcripts
3) Motion for PreTrial
4) Motion to Dismiss insufficient Evidence
5) Application for writ of Habeas Corpus/Delay of Indictment
6) writ of Habeas Corpus Relief, Pursuant
7) writ of Habeas Corpus, Dismiss
8) Motion for Jurisdictional Hearing
9) Motion to suppress And Illegal Arrest
10) Motion to Return Property
11) Motion for Discovery
12) Motion of memorandum/injunction
13) Request Exam. Trial

This request arises from the Attorney's obligations under the Texas Disciplinary Rules of Professional Conduct: Rules 1.01, 1.02, And 1.06

Respectfully Submitted,
LaQuint Contrell Sull[ivan]
Defendant

SANDRA LNN MALLOY
NOTARY PUBLIC
STATE OF TEXAS
My Comm. Exp. 02-22-2019

**Defendant:** LAQUINT CONTRELL SULLIVAN
**JN #:** 1656116-1

**STATE'S COPY**

**Address:** 107 ZERRCLIFF, SAN ANTONIO, TX 78220

**Complainant:**

**CoDefendants:**

**Offense Code/Charge:** 359914 - POSS CS PG 1 LESS THAN 1 GRAM

**GJ:** 599566        **PH Court:** 187

**Court #:** 187

**SID #:** 545777        **Cause #:** 2015-CR-7177

**Witness: State's Attorney**

FILED

O'CLOCK_____ M

JUL 1 3 2015

DONNA KAY McKINNEY
DISTRICT CLERK
BEXAR COUNTY, TEXAS

BY _____ DEPUTY

TRUE BILL OF INDICTMENT

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS, the Grand Jury of Bexar County, State of Texas, duly organized, empanelled and sworn as such at the ~~May~~ July term, A.D., 2015, of the 175 Judicial District Court of said County, in said Court, at said term, do present in and to said Court that in the County and State aforesaid, and anterior to the presentment of this indictment:

on or about the 26th Day of September, 2014, LAQUINT CONTRELL SULLIVAN did intentionally and knowingly possess a controlled substance, namely: COCAINE, which by aggregate weight, including any adulterants and dilutants, was of an amount less than One (1) gram;

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_____
Foreman of the Grand Jury

KEITH E. HOTTLE, CLERK

2015 AUG 10 PM 12:48

IN THE COURT OF APPEALS
AT SAN ANTONIO, TEXAS
FILED

A Motion to return Property was being heard on ~~brought up~~ and Filed by the Defendant's Attorney Jeffrey Scott who represented him in the Plea Bargain. This Motion was to be Continued by Judge Presiding Stephen Hillbig as it was stated for the Record. for the following week. Godbehere v. State 882 SW 2d 57. Also Ex Parte' Morrow. 952 S.W. 2d 530, 534-35 (Tex Crim. APP. 1997). The Plea Bargain stated that all funds seized would be returned to Applicant. However, the mere inclusion of such a Provision in the Plea Bargain does not render applicant's Plea involuntary.

Defendant also argues that the Plea Bargain agreement was Negotiated through Jeffrey Scott and not New Attorney Oliver Woods in which Defendant was ~~as~~ assigned to just 12 hours after the Plea Bargain was signed and made in Court. This ~~is~~ indeed was not ~~an~~ appropriate for a perfect Performance of the Plea agreement Ex Parte Sims, 868 S.W. 2d 803, 804 (Tex. Crim. APP 1993). in Fact. this is truly Ineffective Counsel 880 SW 2d 193 Robinson v. State. Motion to Suppress (Saldana v. State. 30 sw 3d 484) ~~to~~ or motion ~~foor~~ for Insufficiency evidence 880 S.W. 2d 193, was not heard upon. Along with the Cocaine Lowry v. State 48. SW 3d 309. In James v. Cain, 56 F. 3d 662 (CA5 1995). There was Prejudiced by Counsel deficient Performance. Lockhart v. Fretwell, 506 U.S. 364, 113 S. Ct 838, 122 Led. 2d 180 (1993). ☑ Poor assistance of Counsel did not allow Presiding Judge to hear on any motions Not even speedy trial motions Tobias v. State 884 S.W. 2d 571 (Tex. APP — Worth 1994)

Attorney Jeffrey Scott was paid and assigned to Case since Oct. 2014, yet He did not sign any of the supplemental motions that I filed myself. None of these motions were Filed for the Judge to hear on in Court Room 187. That's why he jumped off my Case 12 hrs after I signed an unfair plea bargains and then was changed attorneys unproperly by Mr. Scott And the court.

2015 AUG 10 PM 12:48 KEITH E. HOTTLE, CLERK 2015 CR 4333/ER7177

He never signed off on motion to Return property

How could such Attorney's be exchanged in the middle of a ~~Mo~~ Motion being heard upon in fact, the Plea was ~~Na~~ Negotiated through Jeffrey Scott and not Oliver Woods. This is unappropriate for a Perfect Performance Ex Parte' Sims .868 S.W. 2d 803,804 (Tex Crim. APP 1993)

This Motion shall Proceed to trial in the same manner as in other civil cases. Rules of civil Rights Procedures 11(6) This is a case of McKinny vs state 444 sw 3d 128 Texas App. 2014 State V. Mazucka , 375 S.W. 3d 294. There was No Due Process hearing At all in this case in which it requires Alvarado v. state, 912 sw 2d, 199, 211

_____              _Zahit E Clut_
Attorney for Defendant                Defendant / Pro'se

                                      200 N Comal
                                      Bexar County Dentention
                                      San Antonio, Tx 78207

FILED
IN THE COURT OF APPEALS
AT SAN ANTONIO, TEXAS
2015 AUG 10 PM 12:48
KEITH E. HOTTLE, CLERK

NO. 2015-CR-2233

| STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| vs. | § | 187th JUDICIAL DISTRICT |
| | § | |
| LAQUINT SULLIVAN | § | BEXAR COUNTY, TEXAS |

## MOTION TO RETURN PROPERTY

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes, LAQUINT SULLIVAN, Defendant, and files this Motion to Return Property and in support would show:

1. Defendant was arrested on the 26th of September, 2014 and charged with Tampering with Evidence and Poss. C/S Less Than 1 Gram. The property seized was US Currency.

2. Defendant should have named in a forfeiture suit under CCP 59.04(j). A suit was not filed, he was not served and more than 30 days have passed. $217,500 v State, 970 S.W. 2d 660, 663 (Tex. App— Corpus Cristi. 1998) 18 S.W. 3d 631 (Tex. 2000),

**WHEREFORE, PREMISES CONSIDERED**, Defendant prays that the Court hold a pr hearing on this motion, and after hearing the evidence order the return of the US Currency taken from LAQUINT SULLIVAN.

Respectfully submitted,

JEFFREY JAMES SCOTT
455 S. Main Ave.
San Antonio, Texas 78204
Tel: (210) 225-5900
Fax: (210) 225-5901

By: _____

## NO. 2015-CR-2233

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| vs. | § | 187th JUDICIAL DISTRICT |
| | § | |
| LAQUINT SULLIVAN | § | BEXAR COUNTY, TEXAS |

## ORDER

On _____, 2015, came on to be considered LAQUINT SULLIVAN'S

Motion to Return property, and said motion is hereby

(Granted) (Denied)

_____

JUDGE PRESIDING

FILED
IN THE COURT OF APPEALS
AT SAN ANTONIO, TEXAS
2015 AUG 10 PM 12: 48
KEITH E. HOTTLE, CLERK

STATE OF TEXAS

vs

SULLIVAN, LA Q.
545777
09/30/1975

AJ31

# INDIGENT ATTORNEY APPOINTMENT NOTIFICATION

This is your official notification that you have been appointed the following attorney to represent you.

WOOD III, BERTRAM OLIVER
310 S SAINT MARYS ST 1270
SAN ANTONIO, TX 78205-3113
(210) 482-9663

*My Attorney Jeffrey Scott resigned hisself off of my case in the middle of our plea bargain just 12 hours later after I signed the plea. I never ~~got~~ Fired him he was paid since Oct 2014.*

You should be contacted by the above listed attorney no later than the end of the first working day after appointment. Otherwise please contact the above listed attorney. The cases this attorney has been selected to represent you on are:

| Case | Court | Offense |
|------|-------|---------|
| 485467 | CC2 | MB POSS MARIHUANA 0-2 OZ |
| 2015CR7177 | D187 | FS POSS CS PG 1 LESS THAN 1 GRAM |
| 2015CR2233 | D187 | F3 TAMPER  EVIDENCE-INTENT IMPAIR |

**Override Appointment Authorized by:**

☐7 day report   ☒14 day report   ☐ Mag Screen   ☐ Judge's Request

Processed this date,

*EMP*

37232
in and for the State of Texas
07/14/2015 11:12pm

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _Ronnie Tyler_ ☑ Agent ☐ Addressee<br><br>B. Received by *(Printed Name)*  C. Date of Delivery<br>RONNIE TYLER   JUL 13 2015 |
| 1. Article Addressed to:<br><br>Jeffrey J. Scott<br>455 S. Main Ave.<br><br>San Antonio, TX<br>78205 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
| | 3. Service Type<br>☑ Certified Mail☐ Priority Mail Express™<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ Collect on Delivery |
| ...tions + Habeas Corpus | 4. Restricted Delivery? *(Extra Fee)* ☐ Yes |
| 2. Article Number<br>*(Transfer from service label)* | 7015 0640 0005 0003 0081 |

PS Form **3811**, July 2013    Domestic Return Receipt